Ralph PARKER, Appellant,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Appellee.

No. 78–1547.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 22, 1978.

Decided Jan. 22, 1979.

Fred L. Dorr of Wasker, Sullivan & Ward, Des Moines, Iowa, for appellant.

John S. Lopatto, III, U. S. Dept. of Labor, Washington, D. C., argued, for appellee; Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., and Judith E. Wolf, Co-Counsel, Washington, D. C., for Black Lung Benefits, on brief.

Before LAY, Circuit Judge, HENLEY, Circuit Judge, and WANGELIN, District Judge.*

WANGELIN, District Judge.

This is an appeal from a decision of the Benefits Review Board for the United States Department of Labor entered May 30, 1978. The case involved a claim for Black Lung Benefits initially filed by appellant on October 10, 1973, pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901, et seq.[1] When his claim was denied at the initial administrative level, appellant sought and received a hearing on the matter June 28, 1977 in Des Moines, Iowa. The hearing officer found that appellant was entitled to receive black lung benefits in his order filed on September 26, 1977.

On October 13, 1977 the Director, Office of Workers' Compensation Programs, ap-

---

* The Honorable H. Kenneth Wangelin, District Judge, United States District Court for the Eastern and Western Districts of Missouri, sitting by designation.

1. Mr. Parker's black lung claim was filed between July 1, 1973 and December 31, 1973, making it a § 415 (30 U.S.C. § 925) claim.

pealed the ruling of the hearing officer to the U. S. Department of Labor's Benefits Review Board (BRB). On May 30, 1978, the BRB vacated the hearing officer's decision on the basis of insufficient evidence to support the award of benefits. Appellant then filed his petition with this Court to set the BRB order aside. This Court has jurisdiction pursuant to 33 U.S.C. § 921(c), incorporated by 30 U.S.C. § 925 and 30 U.S.C. § 932. The Director has withdrawn opposition to the Court's jurisdiction on the grounds of lack of a final reviewable order.

This appeal presents the narrow issue of whether the BRB adhered to its statutory standard of review of factual determinations.

Under 33 U.S.C. § 921 and accompanying regulations, the BRB's scope of review is limited.

The Board is authorized to review the Findings of Fact and Conclusions of Law upon which the [hearing officer's] Decision or Order appealed from is based. Such Findings of Fact and Conclusions of Law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence contained in the record considered as a whole.

20 C.F.R. § 802.301 (1978).

■ Thus, the BRB does not have the authority to undertake a *de novo* review of the evidence in reviewing compensation orders, or to substitute its views for the administrative law judge. *See Presley v. Tinsley Maintenance Service*, 529 F.2d 433, 436 (5th Cir. 1976); *O'Leary v. Brown-Pacific-Maxon, Inc.*, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483 (1951). If adequately supported by the evidence and not inconsistent with the law the administrative law judge's determination is conclusive, and it is immaterial that the facts permit the drawing of diverse inferences. *Cardillo v. Liberty Mutual Insurance Co.*, 330 U.S. 469, 477–478, 67 S.Ct. 801, 91 L.Ed. 1028 (1947); *Presley, supra*, at 436.

The requisite degree of evidence required to satisfy the test of "substantiality" has been defined as:

"not necessarily a preponderance of the evidence, but it is more than a scintilla . . . [that which] a reasonable mind might accept as adequate to support a particular conclusion with reference to the evidence as a whole."

*Downing v. Weinberger*, 390 F.Supp. 1384, 1387 (S.D.Ind.1975); *See also, Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ After examination of the facts contained in the record, we are compelled to conclude that the findings of the hearing officer, based upon the entire record, were supported by substantial evidence and were not inconsistent with the law.

There was little dispute that appellant has a totally disabling chronic respiratory impairment, thus the hearing officer found that "[t]he only issues raised are whether claimant has a totally disabling pneumoconiosis which is related to his coal mine employment." See 20 C.F.R. § 410.414(c). The hearing officer found substantial evidence to support a finding that appellant's lung condition arose out of his coal mine employment, while the BRB disagreed. The hearing officer relied on:

(1) Appellant's testimony that he worked as a digger in underground coal mines for 14 years (which the hearing officer reduced to a period of 9 years because of missing records and appellant's somewhat seasonal employment).

(2) Appellant's testimony that he worked at the underground face of the coal seam shovelling bug dust and digging coal on a regular basis during his coal mine employment.

(3) Dr. Mater's X-ray reference.

(4) The corroborated testimony that appellant showed signs of pneumoconiosis prior to acquiring Guillain/Barre Syndrome.

(5) The absence of evidence, given Dr. Mater's "disclaimer" letter, tending to show appellant's condition was "mostly" based on G–B residual.

(6) The absence of evidence explaining continued disfunction, contrary to the

750

temporary paralysis suffered by the great majority of G–B sufferers.

(7) The rule of law that when there remain unanswered questions, doubt as to qualification for benefits is to be resolved in favor of the claimant. *Wheatley v. Adler*, 132 U.S.App.D.C. 177, 183–184, 407 F.2d 307; 313–314 (1968).

The weight of the evidence clearly permitted the hearing officer's finding of a compensable lung impairment condition arising out of coal mine employment in accordance with § 410.414(c), and under the *Downing* test, *supra*. The judgment of the BRB must therefore be reversed.

We reverse and reinstate the decision and judgment of the hearing officer.