**Finley HUDSON, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 87–1824.

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1988.

Decided July 6, 1988.

Rehearing Denied Sept. 15, 1988.

John T. Matthias, Newton, Iowa, for petitioner.

Tobias B. Fritz, Kansas City, Mo., for respondent.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Finley Hudson petitions for review of the order of the United States Department of Labor Benefits Review Board (BRB) denying his claim for black lung benefits. For reversal, petitioner argues that (1) the ALJ's finding that petitioner worked no more than seven years in coal mine employment is not supported by substantial evidence; (2) the ALJ's decision that exposure to significant environmental contaminants caused petitioner's pneumoconiosis is not supported by substantial evidence; and (3) the ALJ erred in failing to consider petitioner's claim under 20 C.F.R. Part 718. For the reasons discussed below, we agree with petitioner's first argument, and, there-

fore, reverse and remand with directions that benefits be paid to petitioner.

The Federal Coal Mine Health & Safety Act of 1969, 83 Stat. 742 (codified as amended at 30 U.S.C. §§ 901–945 (1982)) (Act), establishes health and safety standards for coal mines, as well as a system of compensation for miners who were disabled as a result of pneumoconiosis (black lung disease). In order to qualify for benefits under the Act, a miner must establish, by a preponderance of the evidence, total disability due to pneumoconiosis arising out of coal mine employment. *Mullins Coal Co. v. Director*, —— U.S. ——, 108 S.Ct. 427, 441 n. 35, 98 L.Ed.2d 450 (1987); *Hon v. Director*, 699 F.2d 441, 444 (8th Cir.1983) (*Hon*). To assist in establishing these conditions of eligibility, there are a number of presumptions which may work in a claimant's favor; those relevant to the case at bar are set forth herein.

On August 30, 1973, petitioner filed a Part B [1] claim for black lung disability benefits which was denied in 1980. Thereafter, petitioner requested a formal hearing before an ALJ. The hearing was held on October 18, 1983.

At the hearing, petitioner testified that he was born on March 10, 1914, and at best had a fourth grade education. In 1927, at the age of thirteen, he began coal mining with his uncle. With the exceptions of brief employment pouring cement and working for an automobile sales company and a canning company, petitioner testified that he continued to mine coal through 1942, but he could only recall approximate dates that he worked in any given mine.

After leaving the coal mines in 1942, petitioner unloaded coal from railroad cars. Thereafter, he was employed as a mechanic for one year and as a crane operator for a construction company for eleven years. He also worked as a press operator and welder, and for a manufacturing company for twenty-two years primarily in the as-sembly department. Petitioner retired in 1979 and has not worked since then.

Petitioner's wife testified that she had known petitioner her entire life; they had grown up in the same area. She stated that at the time of their marriage in 1932, petitioner was digging coal; prior to their marriage he was digging coal; and after their marriage, he continued to dig coal. She was present during petitioner's testimony at the administrative hearing and heard him testify to the numerous mines in which he had worked between 1932 and 1942. She stated that his testimony was approximately correct, and that from the time they married in 1932 until 1942, digging coal was just about all there was to do and mining was the only job petitioner had.

Petitioner introduced into evidence medical records including X-rays and physicians' reports. The record also contains social security records beginning in 1937, as well as seven affidavits and six written statements from individuals stating that petitioner had worked in numerous coal mines at various times during the period from 1927 to 1943.

The ALJ found that although petitioner testified he began coal mining in 1927 and continued to 1942, his memory recall was not good. Based on the social security records, the ALJ credited petitioner with three years of coal mine employment from 1937 to 1943. Assessing the numerous statements and affidavits for probative value and accuracy to recall periods of work activity over the previous forty years, the ALJ credited petitioner with coal mine employment totaling three years prior to 1937. The ALJ concluded that petitioner had no more than seven years of mine employment from 1927 to 1943, and, therefore, lacked the requisite ten years needed to trigger the interim presumption under 20 C.F.R. § 727.203(a). Pursuant to 20 C.F.R. § 727.203(a), where a claimant is employed for at least ten years (forty quarters) in the nation's coal mines and satisfies certain

---

1. The Act is divided into three sections: Part A provides general findings and definitions; Part B applies to claims filed by December 31, 1972; Part C applies to claims filed after December 31, 1972. The 1972 amendments to the Act extend-ed the filing deadline under Part B to June 30, 1973, and delayed the effective date of Part C until January 1, 1974. Claims filed between June 30, 1973, and January 1, 1974, were covered by 30 U.S.C. § 925.

regulatory criteria to establish that he has pneumoconiosis, he will be presumed to be totally disabled by pneumoconiosis arising out of coal mine employment.

As petitioner was deemed to have fewer than ten years of coal mine employment, and because he had filed his claim before the effective date of revised Part 718, the ALJ considered petitioner's claim only under 20 C.F.R. Part 410.[2] The ALJ found that based upon X-ray evidence, petitioner established the existence of pneumoconiosis under 20 C.F.R. § 410.428(a)(1), and based upon age, education, and work experience, he showed that he was totally disabled pursuant to 20 C.F.R. § 410.426. However, the ALJ also found that petitioner did not prove that his pneumoconiosis arose out of his coal mine employment, as required by 20 C.F.R. § 410.416(b). Therefore, the ALJ concluded, petitioner was not entitled to black lung benefits.

On administrative appeal to the BRB, petitioner asserted the same arguments raised herein. The BRB affirmed the ALJ's decision, summarily finding that the decision was supported by substantial evidence. With regard to the applicability of Part 718, the BRB, citing *Collura v. Director*, 6 BLR 1–100 (1983) and *Muncy v. Wolfe Creek Collieries Coal Co.*, 3 BLR 1–627 (1981), upheld the ALJ's application of the regulations at Part 410 and not those at Part 718, for the reason that petitioner had applied for benefits before the effective date of revised Part 718.

The scope of review of an ALJ's decision is limited. *Hon*, 699 F.2d at 444. If adequately supported by substantial evidence and not inconsistent with the law, the ALJ's determination is conclusive and it is immaterial that the facts permit the drawing of diverse inferences. *Parker v. Director*, 590 F.2d 748, 749 (8th Cir.1979) (*Parker*). The Supreme Court has defined substantial evidence as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). On appeal, the BRB is limited to reviewing the ALJ's decision for prejudicial errors of law and to determining whether the factual findings are supported by substantial evidence in the record as a whole; the BRB is not empowered to engage in a de novo review or to substitute its views for the ALJ. *Coughlan v. Director*, 757 F.2d 966, 968 n. 1 (8th Cir.1985); *Parker*, 590 F.2d at 749. This court's role is to assure that the BRB properly adhered to its standard of review which requires an examination of the ALJ's factual determinations and the record.[3] *Hon*, 699 F.2d at 444.

The threshold issue in this case is the number of years petitioner was employed as a miner. As noted above, the ALJ concluded that although petitioner had pneumoconiosis, he had no more than seven years (twenty-eight quarters) of the requisite employment, and thus, was not entitled to the 20 C.F.R. § 727.203(a) presumption of disability arising out of coal mine employment.

The ALJ determined that the social security records warranted "about 3 creditable years [twelve quarters] of coal mine employment from 1937 to 1943." Upon our review, we find that the social security records established thirteen quarters of coal mine employment between 1937 and 1943.[4]

---

**2.** Part 727 interim regulations incorporate by reference Part 718 as amended. *See* 20 C.F.R. § 727.203(c). In 1978, Part 718 merely incorporated by reference Part 410 regulations. Revised Part 718 became effective on April 1, 1980. *See* 20 C.F.R. § 718.1(b).

**3.** Although the scope of judicial review is limited, we are cognizant that Congress clearly intended that the black lung entitlement program be liberally construed in favor of the miners to insure compensation in worthy cases despite the extreme difficulty of proving the existence of clinically certain medical evidence. *See Bozwich v. Mathews*, 558 F.2d 475, 479 (8th Cir. 1977).

**4.** It is not clear how the ALJ arrived at his conclusion. The computation method we have employed is the same method the court used in *Shrader v. Califano*, 608 F.2d 114, 117–18 n. 3 (4th Cir.1979) (a quarter which will be fully

The statements and affidavits of record covered sporadic periods of numerous places of employment between 1927 and 1943. In light of this evidence, the ALJ credited petitioner with only three years of mine employment during the ten-year period from 1927 to 1937, for the stated reason that it is difficult to recall periods of work activity that occurred more than forty years ago. Moreover, based upon these statements and affidavits, the ALJ did not credit petitioner with any coal mine employment after 1937. We hold that the ALJ erroneously summarily discounted the probative value and accuracy of all statements and affidavits adduced by petitioner merely because they concerned events that occurred over forty years ago. The ALJ's decision seems to reflect an across-the-board policy determination that forty-year-old events cannot be accurately recalled, for which neither the record, the Act, nor the regulations provide support. Upon our review of the record, and without double-counting the thirteen creditable quarters supported by the social security records, we find that the statements and affidavits established that, at a minimum, petitioner was employed for an additional thirty quarters,[5] and thus, for a total of at least forty-three quarters.[6]

We recognize that it is generally the ALJ's task to weigh evidence. *See Shrader v. Califano*, 608 F.2d 114, 117–19 (4th Cir.1979). Here, however, we hold that the record clearly establishes at least ten years of coal mine employment, thus supporting a finding of total disability arising out of coal mine employment under 20 C.F.R. § 727.203(a)(1).[7] As such, there is no need to remand for further proceedings, and the decision is reversed and remanded for the payment of benefits to petitioner from the date of his disability. *See Campbell v. Director*, 846 F.2d 502, 509 (8th Cir.1988); *Ware v. Director*, 814 F.2d 514, 517 (8th Cir.1987); *cf. Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir.1984) (where further hearings would merely delay receipt of social security benefits, an order granting benefits is appropriate).

Because of our disposition on the issue of petitioner's entitlement to disability benefits under 20 C.F.R. § 727.203(a)(1), we need not discuss petitioner's remaining arguments on review.

Accordingly, we reverse and remand this case for the payment of benefits to petitioner from the date of his disability.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent from the court's decision. Under our limited scope of review, I would conclude that the ALJ determination is supported by substantial evidence and is not inconsistent with the law.

credited to a black lung claimant in determining the duration of his coal mine employment on the basis of social security records is one in which the individual earned fifty dollars or more).

5. We conclude that (1) Exhibit 4 supports at least one creditable quarter in 1928; (2) Exhibits 8 and 9 support at least one creditable quarter in 1929; (3) Exhibit 14, which is corroborated by Exhibits 2, 7, 10 and 13, supports at least twenty creditable quarters during the seven-year period from 1930 to 1936; (4) Exhibit 12 supports three creditable quarters in 1937; (5) Exhibit 6 supports one creditable quarter in 1938; (6) Exhibits 5 and 6 support one creditable quarter in 1939; and (7) Exhibit 5 supports three creditable quarters in 1940.

6. While we are aware of the "125–day rule" computation method, which suggests that 20 C.F.R. §§ 727.203(c), 718.301(b) should be construed to allow a miner who shows at least 125 days of coal mine employment a credit for a full calendar year of such employment, we have reached our conclusion without applying the rule in this case.

7. In our opinion, respondent did not rebut the presumption of disability which petitioner established, *see* 20 C.F.R. § 727.203(b); there is insubstantial evidence that petitioner has been doing his usual coal mine work or comparable work, that he is able to do such work, that his impairment did not arise out of his coal mine employment, or that he does not have pneumoconiosis.