914 F.2d 156
 Helen BROWN, widow of Lester Brown, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR As Designee of
Elizabeth Dole, Respondent.
 No. 89-2712.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1990.
Decided Sept. 12, 1990.
 
 I. John Rossi, Des Moines, Iowa, for petitioner.
 Paul L. Frieden, Washington, D.C., for respondent.
 Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Helen Brown appeals the Benefits Review Board's decision affirming the Administrative Law Judge's decision denying her miner husband's claim as well as her survivor's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. (1988). Jurisdiction is proper in this court under 33 U.S.C. Sec. 921(c) (1988).[1] We find that substantial evidence supports the ALJ's decision and thus affirm the Review Board's decision.
 
 
 2
 Lester Brown, a miner, filed an application for benefits under the Act on March 27, 1978. Brown died from lymphoma on August 12, 1978. Brown's widow, Helen Brown, the petitioner herein, filed an application for survivor's benefits on September 5, 1978. The Department of Labor denied both claims. The case was then referred to the Office of Administrative Law Judges, and a hearing was held on September 12, 1984, at which Mrs. Brown appeared pro se. The ALJ issued a decision denying benefits. Brown appealed to the Benefits Review Board, which affirmed the ALJ's denial of benefits. This petition for review followed.
 
 
 3
 The record in this case contains no medical evidence. The lay evidence consists of the testimony of Helen Brown, the miner's son, and a nurse whose husband had medically treated the miner, and statements made by the miner before his death.
 
 
 4
 Helen Brown testified that her husband worked in coal mines from 1933 until approximately 1946. He quit working in the mines because he had problems breathing. He later worked for a feed store until 1973 hauling and loading sacks of feed. He had to quit working there in 1973 because he developed a lymphoma of the bone in his right leg, which prevented him from walking. According to Mrs. Brown, Lester suffered from a persistent cough, had difficulty breathing, and sometimes coughed up blood. He had trouble sleeping as a result of his breathing problem. He first sought medical treatment for the problem in 1950.
 
 
 5
 Mrs. F.B. Leffert, a nurse whose husband had medically treated Lester Brown, stated that she knew from personal observation that Lester Brown was treated for a bad cough, had breathing problems, and was forced to give up smoking in the early 1950's. Lester Brown's son, William, testified that his father had a persistent cough.
 
 
 6
 The ALJ found that Mrs. Brown had established ten and three quarter years of coal mine employment. He therefore considered this claim under the interim presumption provision, 20 C.F.R. Sec. 727.203(a)(1)-(5), which provides that a miner who engaged in coal mine employment for at least ten years is presumed to be totally disabled due to pneumoconiosis arising from his coal mine employment if one of the five listed requirements is met. Brown claims that she is entitled to the presumption under the fifth requirement, which provides that a miner's death will be presumed to be due to pneumoconiosis if "[i]n the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment." 20 C.F.R. Sec. 727.203(a)(5) (1989).
 
 
 7
 The ALJ concluded that the evidence was insufficient to warrant application of the interim presumption under Sec. 727.203(a)(5). The ALJ then went on to hold that for the same reasons that the interim presumption did not apply, the evidence did not establish that the miner had pneumoconiosis under Subpart D of Part 410 of the Regulations. The ALJ thus concluded that the claimants were not entitled to benefits under the Act.
 
 
 8
 While our review of the ALJ's legal conclusions is plenary, our review of the ALJ's factual findings is quite limited.
 
 
 9
 "The ALJ's findings of fact may be set aside by the Benefits Review Board only if they are not supported by substantial evidence. Our role is to assure that the BRB properly adhered to its standard of review. This requires us to examine the ALJ's factual determinations and the record."
 
 
 10
 Clark v. Crown Const. Co., 887 F.2d 149, 155 (8th Cir.1989) (citations omitted) (quoting Hon v. Director, O.W.C.P., 699 F.2d 441, 444 (8th Cir.1983)). If the ALJ's decision is supported by substantial evidence in the record, that decision must be upheld regardless of whether this court feels that it might have reached a different result in the first instance. Id. See also 33 U.S.C. Sec. 921(b)(3) (1988); Mikels v. Director, O.W.C.P., 870 F.2d 1407, 1409 (8th Cir.1989); Hunter v. Director, O.W.C.P., 861 F.2d 516, 518 (8th Cir.1988).
 
 
 11
 We agree with the ALJ that the evidence fails to establish that Brown had a respiratory problem that prevented him from performing his coal mine work or other comparable gainful employment. The evidence demonstrates only that Brown suffered from shortness of breath and a persistent cough; it does not suggest that Brown's respiratory problem was so severe that his ability to work was significantly impaired. The record lacks evidence that Lester Brown's breathing problems adversely affected his occupational functioning. Further, the evidence indicates that after Brown quit his job in the coal mines he was still able to perform strenuous labor. He worked at a feed store from 1948 until 1973 driving a truck and loading and unloading 100-pound sacks of feed. The record does not suggest that Brown quit that job because of respiratory problems; he quit because lymphoma of the bone in his right leg left him unable to walk. There is no indication that Brown's lymphoma affected his lungs.
 
 
 12
 We recognize that the fact that a claimant was engaging in gainful employment is not itself proof that he was not disabled. See Greene v. Director, O.W.C.P., 889 F.2d 794, 797 (8th Cir.1989). We do not, nor did the ALJ, view Brown's ability to do strenuous work at the feed store as conclusive proof of the absence of disability. However, it can properly be considered as probative of the extent of Brown's breathing problems and his ability to work during the relevant period. Cf. 20 C.F.R. Sec. 727.205(a) (1989) (deceased miner's employment in a mine at the time of death can be considered relevant to but not conclusive that miner was not totally disabled).
 
 
 13
 As a final matter, we address Mrs. Brown's suggestion that the ALJ failed to inquire fully into all of the relevant facts at the hearing, as required by 20 C.F.R. Sec. 725.455(b). Our review of the record indicates otherwise. The ALJ inquired into the facts and circumstances of this case, and concluded the hearing by asking Mrs. Brown if she had anything further to say, to which she responded in the negative. Mrs. Brown points to no specific information that she was prevented from introducing before the ALJ. Our record leaves us unpersuaded that Brown was denied a fair hearing.
 
 
 14
 We hold that the ALJ's finding that Mrs. Brown did not present sufficient evidence to invoke the interim presumption under Sec. 727.203(a)(5) is supported by substantial evidence in the record as a whole. In addition, because the record in this case includes no medical evidence and fails to establish the existence of a totally disabling respiratory or pulmonary impairment, the ALJ's finding that Brown failed to establish entitlement under 20 C.F.R. Part 410, Subpart D is also supported by substantial evidence.
 
 
 15
 We affirm the decision of the Benefits Review Board denying benefits on Lester Brown's claim and Helen Brown's survivor's claim for benefits under the Black Lung Benefits Act.
 
 
 
 [1]
 That section is part of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. (1988), and is incorporated into the Black Lung Benefits Act by 30 U.S.C. Sec. 932(a) (1988). Under 33 U.S.C. Sec. 921(c), a person aggrieved by a decision of the Benefits Review Board may seek judicial review "in the United States court of appeals for the circuit in which the injury occurred...." It is undisputed in this case that Lester Brown's coal mine employment occurred in the state of Iowa