60 F.3d 824
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 PEERLESS EAGLE COAL COMPANY, Petitioner,
v.
Escar E. TAYLOR; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 94-1806.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 20, 1995.
Decided: July 5, 1995.
 
 John Payne Scherer, Sr., File, Payne, Scherer & File, Beckley, WV, for Petitioner. Grant Crandall, Sandra K. Henson, Crandall, Pyles & Haviland, Charleston, WV; Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation,
 John M. McCracken, United States Department of Labor, Washington, DC, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Peerless Eagle Coal Company (Peerless) appeals from a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to award black lung benefits to respondent Escar Taylor. Peerless challenges the ALJ's finding that Taylor established the existence of pneumoconiosis under 20 C.F.R. Sec. 718.202(a) (1994), and a totally disabling respiratory impairment pursuant to 20 C.F.R. Sec. 718.204(c) (1994). The Director, Office of Workers' Compensation Programs (Director), has also filed a brief in this case, urging this Court to affirm the ALJ's award of benefits.
 
 
 2
 Initially, all parties agree that the ALJ's finding that the X-ray evidence established pneumoconiosis under section 718.202(a)(1) cannot be affirmed. The ALJ found the X-ray evidence to be in equipoise and, relying on the "true doubt" rule, determined that Taylor should be given the benefit of the doubt on this issue. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir.1993). Subsequent, however, to the decisions of the Board and the ALJ, the Supreme Court found the true doubt rule to be invalid, and held that a claimant bears the risk of non-persuasion on the essential elements of his claim. See Director, Office of Workers' Compensation Programs v. Greenwich Collieries, 62 U.S.L.W. 4543 (U.S.1994).
 
 
 3
 Taylor and the Director, however, argue that the ALJ's error was harmless because she properly found, alternatively, that Taylor established pneumoconiosis on the basis of medical reports pursuant to 20 C.F.R. Sec. 718.202(a)(4) (1994). We note, however, that the arguments raised by Taylor and the Director in defense of the ALJ's findings under subsection (a)(4) have not yet been considered by the Board. Because the Board affirmed the ALJ's findings under subsection (a)(1), it found it unnecessary to consider the propriety of her findings under subsection (a)(4). Peerless raises numerous arguments challenging the ALJ's weighing of the medical opinion evidence under subsection (a)(4). As the evidence is in conflict on this issue, and the Board has had no opportunity to consider whether the ALJ properly resolved this conflict, we decline the invitations of Taylor and the Director to depart from our normal course under such circumstances, which is to remand. See Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 419 (4th Cir.1994). Accordingly, we reverse the ALJ's finding of pneumoconiosis under subsection (a)(1), but remand in order that the Board may determine whether the ALJ properly found pneumoconiosis established under subsection (a)(4).
 
 
 4
 Next, we reject Peerless's challenges to the ALJ's finding of a totally disabling respiratory impairment. All three physicians submitting reports pertinent to this issue, Drs. Gaziano, Rasmussen, and Zaldivar, found the existence of a minimal respiratory impairment, but differed as to whether such an impairment would prevent the miner from performing his usual coal mine work. Drs. Gaziano and Rasmussen felt that the impairment was disabling, while Dr. Zaldivar did not.
 
 
 5
 Peerless avers that the ALJ erred by according greater weight to the opinions of Drs. Gaziano and Rasmussen based on their "thorough documentation" of the miner's actual exertional capacity, arguing that in fact all the objective studies of record failed to produce qualifying values under the regulations. Contrary to Peerless's contention, however, a physician may properly rely on non-qualifying objective studies to support a finding of total disability. See Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 893 (7th Cir.1990). Nonqualifying studies may still reveal the presence of an impairment, and such was the case here, as all physicians of record found the presence of some pulmonary impairment. Whether such an impairment is disabling depends upon the particular exertional demands of the miner's usual coal mine work.
 
 
 6
 In this case, Drs. Gaziano and Rasmussen, as well as the ALJ, found the miner's minimal impairment disabling because of the unusually demanding nature of his usual coal mine work. There was no dispute that Taylor's job required very heavy manual labor, and the ALJ found it to be "more physically demanding than other work in the mine." The physicians and the ALJ properly engaged in a comparison of the miner's impairment with the exertional demands of his usual work in concluding that the miner's impairment was totally disabling.* The fact that they relied on non-qualifying studies in reaching their conclusions does not constitute error.
 
 
 7
 Peerless also argues that the miner's history and symptoms do not support a finding of total disability. Peerless argues that the miner was not forced to retire from the mines because of pulmonary problems, but was laid off in 1989, that he has never been hospitalized for respiratory problems, and has not been under the regular care of a physician for such problems. Evidence that the miner was not totally disabled in 1989, however, does not prove that the miner was not disabled at the time of the hearing before the ALJ. Moreover, a person's respiratory problems would not necessarily need to progress to the point where hospitalization is required in order to prevent him from performing the arduous duties of this miner's usual work. Finally, we note that the record discloses that Dr. Jamie, Taylor's treating physician, diagnosed pneumoconiosis even before 1989, and that he had been treating the miner for years.
 
 
 8
 To the extent that Peerless cites to circumstances or other evidence which could support a finding of no total disability, we note that the issue on appellate review is not whether the evidence could have supported a different result, but whether substantial evidence supports the result actually reached by the ALJ. See Brown v. Director, Office of Workers' Compensation Programs, 914 F.2d 156, 158 (8th Cir.1990). As previously discussed, the medical evidence of record supports the ALJ's finding of total disability in this case. Moreover, we reject Peerless's contention that the ALJ's inaccurate statement that Dr. Gaziano examined the miner three times when he in fact only
 
 
 9
 examined the miner twice undercuts the validity of her findings regarding the medical evidence. The ALJ correctly described the contents of all medical reports of record, and we agree with the Board that this error was not dispositive, and therefore, was harmless.
 
 
 10
 Accordingly, we reverse the ALJ's finding of pneumoconiosis on the basis of X-rays, but remand to the Board for consideration of whether the ALJ properly found that the medical opinion evidence established pneumoconiosis. We affirm the ALJ's finding of total disability. We note that Peerless has not challenged the ALJ's findings that any pneumoconiosis which may be present must be attributed to coal mine employment under 20 C.F.R. Sec. 718.203 (1994), or that the miner's totally disabling respiratory impairment must be attributed to pneumoconiosis under 20 C.F.R. Sec. 718.204(b) (1994), if the disease exists. Those findings are therefore also affirmed, leaving for the Board's consideration on remand only the propriety of the ALJ's findings under section 718.202(a)(4).
 
 
 11
 We dispense with oral argument in view of our previous order granting the parties' motion to submit this case on the briefs.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The ALJ was particularly persuaded by Dr. Rasmussen's performance of tests which measured the miner's actual oxygen consumption during exercise. Such tests were not performed by Dr. Zaldivar