**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1191**

_____

WESTMORELAND COAL COMPANY, INCORPORATED,

        Petitioner,

        v.

JOHNNY FORTNER; DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.
(12-0163-BLA)

_____

Submitted: July 29, 2013        Decided: August 14, 2013

_____

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

_____

Petition granted; vacated and remanded by unpublished per curiam
opinion.

_____

Paul E. Frampton, Thomas M. Hancock, BOWLES RICE LLP,
Charleston, West Virginia, for Petitioner. Joseph E. Wolfe,
Ryan C. Gilligan, WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS,
Norton, Virginia, for Respondent Johnny Fortner.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Westmoreland Coal Company ("Employer") petitions for review of the Benefits Review Board's ("Board") decision and order affirming the Administrative Law Judge's ("ALJ") award of benefits to Johnny Fortner under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (West 2007 & Supp. 2013). We grant the petition for review, vacate the Board's decision, and remand for further proceedings.[1]

We review the Board's and the ALJ's legal conclusions de novo and "independent[ly] review . . . the record to determine whether the ALJ's findings of fact were supported by substantial evidence." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (internal quotation marks omitted). "'Substantial evidence is more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In conducting this review, we confine ourselves to the grounds

---

[1] Upon review of the record, we conclude that we have jurisdiction over Employer's petition for review. See 33 U.S.C. § 921(c) (2006); 30 U.S.C. § 932(a); Consolidation Coal Co. v. Chubb, 741 F.2d 968, 971 (7th Cir. 1984); see Hon v. Dir., Office of Workers' Comp. Programs, 699 F.2d 441, 444 (8th Cir. 1983).

on which the Board based its decision. Daniels Co. v. Mitchell, 479 F.3d 321, 329 (4th Cir. 2007).

Subject to the substantial evidence requirement, we defer to the ALJ's credibility determinations and "evaluation of the proper weight to accord conflicting medical opinions." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012). The ALJ is not bound to accept any medical expert opinion but "must evaluate the evidence, weigh it, and draw his own conclusions," giving consideration to "the qualifications of the experts, the opinions' reasoning, their reliance on objectively determinable symptoms and established science, their detail of analysis, and their freedom from irrelevant distractions and prejudices." Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949, 951 (4th Cir. 1997), superseded on other grounds as stated in Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Programs, 480 F.3d 278, 287 (4th Cir. 2007).

Because this is a subsequent claim, Fortner was required to first demonstrate a change in "one of the applicable conditions of entitlement" since the last denial of benefits. 20 C.F.R. § 725.309(d) (2013); see Milburn Colliery Co. v. Hicks, 138 F.3d 524, 529 (4th Cir. 1998) (enumerating conditions of entitlement); 20 C.F.R. §§ 718.201 to 204 (2013) (same). The ALJ had most recently denied Fortner benefits after finding that

3

he failed to demonstrate that he suffered from a totally disabling respiratory or pulmonary condition.

A miner may prove that he is totally disabled due to a respiratory or pulmonary condition in one of four ways, only two of which are relevant here: qualifying arterial blood gas studies and well-documented and well-reasoned physician's opinions.[2] 20 C.F.R. § 718.204(b)(2)(ii), (iv). "The miner can establish total disability upon a mere showing of evidence that satisfies any one of the four alternative methods, but only '[i]n the absence of contrary probative evidence.'" Lane v. Union Carbide Corp., 105 F.3d 166, 171 (4th Cir. 1997) (quoting language now codified in 20 C.F.R. § 718.204(b)(2)). Thus, if the ALJ finds that the miner has met his burden with evidence under one of the § 718.204(b)(2) prongs, the ALJ must examine the record for contrary probative evidence and, if there is such contrary evidence, assign it "appropriate weight and determine whether it outweighs the evidence that supports a finding of total disability." Id.

After considering the newly-submitted evidence, the ALJ concluded that Fortner demonstrated that he suffered from a

---

[2] Fortner did not present evidence of qualifying pulmonary function tests or demonstrate that he suffers from cor pulmonale, the other two methods of establishing total disability. See 20 C.F.R. § 718.204(b)(2)(i), (iii).

totally disabling respiratory condition based on the results of the arterial blood gas studies and the medical opinions, and that there was no probative contrary evidence in the record. Thus, the ALJ allowed the subsequent claim to proceed.

In the petition for review, Employer does not dispute the ALJ's conclusion that the newly-submitted arterial blood gas studies qualified Fortner as totally disabled due to a respiratory impairment. However, Employer contends that the ALJ erred by rejecting Dr. Kirk Hippensteel's opinion when evaluating the medical opinions related to total disability, because the ALJ failed to explain his reasons for discrediting the physician and engaged in "head counting."

We agree with Employer's contention. As Employer noted, we have rejected the practice of "counting heads" as "hollow." Adkins v. Dir., Office of Workers' Comp. Programs, 958 F.2d 49, 52 (4th Cir. 1992); accord Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 440-41 (4th Cir. 1997) (finding that ALJ erred "[b]y resolving the conflict of medical opinion solely on the basis of the number of physicians supporting the respective parties"); Sahara Coal Co. v. Fitts, 39 F.3d 781, 782-83 (7th Cir. 1994) (vacating and remanding decision of ALJ that appeared to be based upon numerical count of experts). This is precisely what the ALJ did in this case. While finding that each of the physicians' opinions was probative, well-

5

reasoned, and well-documented, and that each physician was a well-qualified pulmonologist, the ALJ simply decided that the "consensus" of Fortner's two physicians outweighed Dr. Hippensteel's opinion, without further explanation. See Milburn Colliery Co., 138 F.3d at 534 (finding that ALJ erred by failing to explain rejection of evidence of miner's other medical conditions as cause of total disability). Thus, the Board's order affirming the ALJ's decision that Fortner was totally disabled due to a respiratory condition as supported by substantial evidence cannot stand.

Because we have concluded that the ALJ improperly discredited Dr. Hippensteel's opinion on the grounds that he was outnumbered, we also conclude that substantial evidence does not support his conclusion that Fortner established that he suffered from a totally disabling respiratory condition. See 20 C.F.R. § 718.204(b)(2); Lane, 105 F.3d at 171. Thus, the ALJ erred in finding that Fortner demonstrated a change in applicable condition of entitlement, as required by § 725.309(d), and allowing the subsequent claim to proceed.

Accordingly, we grant Employer's petition for review, vacate the Board's order affirming the ALJ's award of benefits, and remand to the Board for further proceedings consistent with this opinion. On remand, the ALJ certainly may reach the same conclusion after properly weighing the evidence; however, he

6

must fully explain that decision in accordance with the substantial evidence standard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION GRANTED;</u><br>
<u>VACATED AND REMANDED</u>