**Neil HUNTER, Petitioner,**

v.

**DIRECTOR, OWCP, U.S. DEPARTMENT OF LABOR, Respondent.**

**No. 87–2675.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1988.

Decided Nov. 17, 1988.

---

I. John Rossi, Des Moines, Iowa, for petitioner.

Nicholas J. Levintow, Washington, D.C., for respondent.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and STUART, Senior District Judge.*

BOWMAN, Circuit Judge.

In this petition for review of a final order of the Benefits Review Board (BRB) we must decide, first, whether the BRB erred in affirming the determination of an administrative law judge (ALJ) that petitioner Neil Hunter failed to establish ten years of coal mine employment and, second, whether the BRB erred in affirming the ALJ's determination that Hunter's pneumoconiosis does not arise out of his coal mine employment. We affirm the final order of the BRB.

Hunter filed an application with the Department of Labor for benefits under the Black Lung Benefits Act (BLBA), 30 U.S.C. §§ 901 *et seq.* (1982 & Supp. IV 1986), on July 29, 1975. The application was denied administratively on October 5, 1979. Hunter then requested a hearing, which was conducted before an ALJ on October 19, 1983. The ALJ issued a decision and order denying Hunter's claim on August 15, 1984. Hunter timely appealed the ALJ's determination to the BRB, which issued an opinion affirming the ALJ's decision and order on October 19, 1987. Hunter then appealed to this Court. Jurisdiction is proper under 33 U.S.C. § 921(c) (1982).[1]

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. This provision, part of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (1982 & Supp. IV 1986), is incorporated into the BLBA by 30 U.S.C. § 932(a). Under 33 U.S.C. § 921(c), a person aggrieved by a final order of the BRB may seek judicial review "in the United States court of appeals for the circuit in which the injury occurred[.]" Hunter's actual coal mine employment occurred within the state of Illinois; hence, jurisdiction over this appeal would appear to lie in the United States Court of Appeals for the Seventh Circuit, and not in this Court. The ALJ, however, also found that during his ten years of employment with the Rock Island Railroad Hunter spent a total of one year's time loading coal onto railroad cars on coal mining property in the state of Iowa. We have held that in actions for review of BRB orders in BLBA cases, "appeal lies in any circuit

Our function on review is to ensure that the BRB committed no error of law in reaching its decision and that the BRB adhered to the statutory standard governing its review of the ALJ's factual determinations. *Newman v. Director, Office of Workers' Compensation Programs*, 745 F.2d 1162, 1164 (8th Cir.1984) (per curiam). Our power to review claimed errors of law is plenary. We, like the BRB, however, must not disturb the ALJ's factual determinations if they are supported by substantial evidence in the record considered as a whole. *Id.;* 33 U.S.C. § 921(b)(3). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). As is implied by the language of § 921(b)(3), the substantiality of the evidence must take into account whatever in the record fairly detracts from its weight. *See, e.g., Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

█ The BLBA provides benefits to coal miners who are totally disabled by pneumoconiosis arising out of coal mine employment. 30 U.S.C. §§ 901(a), 902(b). The ALJ found, and respondent concedes, that Hunter has established by x-ray evidence that he suffers from pneumoconiosis. Having done so, Hunter is entitled to a rebuttable presumption that his pneumoconiosis is totally disabling if he can establish that it arose out of coal mine employment. 20 C.F.R. § 410.490(b)(1)(i), (b)(2) (1988). A claimant's pneumoconiosis is rebuttably presumed to arise out of his coal mine employment if the claimant can demonstrate that he worked in coal mines for at least ten years. 20 C.F.R. § 410.416(a) (1988). The ALJ found that Hunter had proved at most six years of coal mine employment, five years for work done in two coal mines in Illinois and one year for time spent loading coal onto railroad cars on coal mining property in Iowa over the course of his ten years of employment with the Rock Island Railroad.

Hunter here asserts that his evidence demonstrated eight years of relevant employment in Illinois and at least two years of relevant employment in Iowa. According to Hunter, then, he had in fact proved at least ten years of coal mine employment and therefore should have been afforded the rebuttable presumption of disability provided by § 410.490(b).

Our review of this issue has been made difficult by Hunter's failure to direct our attention to specific record evidence he believes fairly detracts from the ALJ's finding. In his brief Hunter simply states in conclusory fashion that he is entitled to a finding that he worked eight years in underground coal mine work. At oral argument counsel informed us generally that he believes the ALJ's interpretation of Hunter's social security earnings records is erroneous, but counsel's only specific reference to the record centers upon the ALJ's crediting Hunter with two rather than four quarters of coal mine employment for calendar year 1937. Assuming that the ALJ's interpretation of the social security records for 1937 is erroneous, it is harmless error inasmuch as Hunter then would be entitled at most to an additional half-year of coal mine employment and by counsel's own admission at oral argument would still be unable to invoke the presumption mentioned above. We have reviewed the record and are satisfied that the ALJ's determination that Hunter had proved only six years of coal mine employment is supported by substantial evidence.

We understand Hunter's principal argument on this score to be that the ALJ should have credited him with more than one year of coal mine employment for his ten years of railroad work. Hunter seems to contend that, under 20 C.F.R. § 725.493(b) (1988), he should have been given a full year's coal-mine-employment credit for every year in which he demon-

in which the claimant worked and was exposed to the danger, prior to manifestation of the injury." *Hon v. Director, Office of Workers' Compensation Programs*, 699 F.2d 441, 444 (8th Cir.1983). Because the ALJ found that Hunter had been exposed to coal dust during his employment within the state of Iowa, jurisdiction is proper in this Court.

strated that he spent 125 days loading coal into railroad cars on coal mine property. We do not decide whether § 725.493(b) may be invoked for the purpose for which Hunter offers it here. Assuming its applicability, Hunter's argument fails because the record simply does not contain evidence which would support a finding that he spent 125 days working on coal mine property during any of the years he was employed by the Rock Island Railroad.

At oral argument counsel claimed for the first time that under 20 C.F.R. § 725.202 (1988) Hunter is entitled to full coal-mine-employment credit for his ten years of railroad work. Again, assuming without deciding that Hunter may invoke this provision, his position is without merit because the only evidence in the record regarding the frequency with which he engaged in loading coal into railroad cars on coal mine property is his testimony that he did so "several times." Under § 725.202, Hunter arguably would be entitled to a rebuttable presumption that he was exposed to coal dust during these "several times" on which he loaded coal into railroad cars. The ALJ in effect granted Hunter the benefit of this presumption: he approximated that those "several times" came to a total of one year and specifically credited Hunter with one additional year of relevant employment for time so spent. Hunter has not shown us, nor can we find, any record evidence which suggests that the ALJ's approximation was unduly low.

Despite his failure to demonstrate ten years of coal mine employment, Hunter is entitled to a presumption of total disability if he demonstrates that his pneumoconiosis arose out of coal mine employment. Because he failed to demonstrate ten years of coal mine employment, however, Hunter is obliged to make this causality showing without benefit of the § 410.416(a) presumption. Hunter attempted to demonstrate the causal link between his coal mine employment and his pneumoconiosis through medical opinion. The ALJ examined the several medical reports of record

and concluded that the causal link had not been established. Hunter here claims that the ALJ erred in his treatment of the medical reports submitted by Lawrence Rasmussen, M.D. and Daniel Baxter, M.D.

■ We cannot find that the ALJ's determination that Hunter's pneumoconiosis does not arise from his coal mining employment is not supported by substantial evidence. Dr. Rasmussen opined that "the only employment that would have contributed to [Hunter's] breathing impairment was related to his coal dust exposure." Dr. Rasmussen based this opinion on the assumption that Hunter's post-coal-mine employment at a feed processing plant "should not have contributed to his respiratory problem" since "the dust exposure there was minimal[.]" Hunter indicated, however, on an employment history form he submitted to the Department of Labor that he was "in dust all the time" during his eight years of employment at the feed company. On another form he submitted to the Department of Labor Hunter wrote that there was "to [sic] much dust" at the feed plant. The ALJ, then, reasonably could have discounted Dr. Rasmussen's opinion that Hunter's coal mining employment is the only employment that would have contributed to his breathing impairment because that opinion can reasonably be characterized as resting on an erroneous assumption.

Further, while Dr. Rasmussen replied in the affirmative to the question "[i]n your opinion is the diagnosed condition related to dust exposure in the patient's coal mine employment?[,]" his response was based in part on his understanding that Hunter "has a clinical history of pulmonary disease since his employment in the coal mines years ago." The ALJ, however, could reasonably have discounted Dr. Rasmussen's affirmative response to the just-quoted question because the record does not contain evidence of such a clinical history.[2] Given these flaws in Dr. Rasmussen's opin-

---

**2.** Hunter does not argue here that the record in fact contains such evidence, nor are we able to    locate any such evidence in the record.

ions regarding the cause of Hunter's breathing impairment, we cannot find that the ALJ erred in discounting those opinions.

Nor can we find that the ALJ improperly evaluated the medical reports submitted by Dr. Baxter. While Dr. Baxter replied in the affirmative to the above-quoted question, he qualified his response as follows: "There is some unknown degree to which dust exposure has caused his COPD [chronic obstructive pulmonary disease]." Dr. Baxter also reported that he could not answer this question "one way or the other." Dr. Baxter stated that "whether [coal dust exposure] ... is the major cause of [Hunter's] present chronic obstructive lung disease is a question that I presently am unable to answer." One may reasonably conclude from Dr. Baxter's statements that he does not believe himself to be in a position to opine that Hunter's breathing impairment arises out of his coal mining employment. The ALJ can hardly be faulted for interpreting Dr. Baxter's statements in that fashion.

In summary, the ALJ's determination that Hunter has not established ten years of coal mine employment is supported by substantial evidence in the record considered as a whole. The ALJ's determination that Hunter has failed to demonstrate that his pneumoconiosis arises out of his coal mine employment is supported by substantial evidence in the record considered as a whole. The BRB committed no error of law in reaching its decision affirming the ALJ's denial of benefits. The final order of the BRB is therefore affirmed.