Robert WEST, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–2866.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1989.

Decided Feb. 13, 1990.

I. John Rossi, Des Moines, Iowa, for petitioner.

Richard A. Seid, Washington, D.C., for respondent.

Before LAY, Chief Judge, SNEED,* Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Robert West seeks review of an order of the Benefits Review Board (the Board) of the Department of Labor (the Department) denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* (1982) (the Act). The Board concluded that an earlier claim filed by West in 1979 had been abandoned and that his new claim filed in 1983 was therefore properly reviewed by the Administrative Law Judge (ALJ) under the criteria set forth in 20 C.F.R. Part 718 (1989). The Board affirmed the ALJ's decision on the merits to deny West's 1983 claim. West argues that the Board erred in finding that his 1979 claim had been abandoned, that the ALJ applied the wrong criteria to his 1983 claim, and that he is entitled to benefits. We affirm.

---

* The Honorable Joseph T. Sneed, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

I.

Robert West initially filed for benefits under the Act on February 8, 1979. After receiving his application, the Department wrote West several times seeking further documentation in support of his claim. On May 8, 1979, the Department sent West a written warning that his failure to respond to its requests for more information constituted an abandonment of his claim and that he had thirty days to request a hearing or submit additional evidence. In a letter dated May 7, 1979, West transmitted further information in support of his claim. The Department sent West a denial letter dated May 21, 1979, informing him that if he disagreed with the denial he could submit additional evidence *or* request a hearing within 60 days of the date of the letter. The Department also informed West he could seek modification of the denial within one year on the grounds of a change in condition or mistaken determination of fact. West admits he received the May 21, 1979, denial letter from the Department.

West did not respond to the Department's May 21, 1979, denial letter. Four years later, on November 8, 1983, he filed another claim for benefits under the Act. The Department denied his claim on May 3, 1984, and West requested a formal hearing before an ALJ. After a hearing, the ALJ issued a Decision and Order denying benefits.

Considering the merits of West's 1983 claim, the ALJ applied regulations applicable to claims filed after March 31, 1980. *See* 20 C.F.R. § 718.2 (1989). The ALJ found that because West had not pursued his administrative options after receiving a letter denying his 1979 claim, the 1979 claim had been abandoned. In order to establish eligibility under 20 C.F.R. Part 718, a claimant must establish the existence of pneumoconiosis arising out of coal mine employment and total disability resulting from the pneumoconiosis.[1] The existence of pneumoconiosis may be estab-

---

1. Pneumoconiosis is "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. § 902(b) (1982).

lished by chest x-ray or a physician's report. 20 C.F.R. § 718.202 (1989). West submitted six x-ray reports. Only one, dated March 13, 1979, evidenced pneumoconiosis. The ALJ afforded greater weight to the more recent x-rays which did not reveal the disease and found that West had failed to establish pneumoconiosis by x-ray. In addition, West submitted three physicians' reports. The ALJ found that none of the reports satisfied West's burden of establishing the existence of pneumoconiosis.

The Board affirmed the ALJ's decision, rejecting West's contention that his 1979 claim had not been abandoned and that his 1983 claim should merge with his 1979 claim pursuant to 20 C.F.R. § 725.409(d) (1989). The Board also found that the ALJ's determination that West had not established the existence of pneumoconiosis was supported by substantial evidence and accordingly affirmed the ALJ's denial of West's 1983 claim.

## II.

West argues that the Board erroneously concluded that his 1979 claim had been abandoned. He argues that he is therefore entitled to the more liberal criteria applicable to claims filed before March 31, 1980.[2] *See* 20 C.F.R. § 727.200 *et seq.* (1989). West does not address the merits of his 1983 claim, under either the more liberal criteria or 20 C.F.R. Part 718. The Department's brief, on the other hand, does not address abandonment, and argues instead that West's claim should be denied under either standard because proof of pneumoconiosis is an essential element of entitlement under both sets of criteria. We reject

West's contention that he did not abandon his 1979 claim, and find there is substantial evidence in the record as a whole to support the ALJ's denial of West's 1983 claim under 20 C.F.R. Part 718. Accordingly, we affirm.

*Abandonment*

 West gives several reasons why his 1979 claim was not abandoned. First, West argues that the Department did not give him proper notice of its denial of his 1979 claim because it did not adhere to the filing and service requirements of the Longshore and Harbor Worker's Compensation Act (LHWCA), 33 U.S.C. § 919(e) (1982). The same argument was made by a claimant and rejected by this court in *Tonelli v. Director, OWCP,* 878 F.2d 1083, 1086 n. 5 (8th Cir.1989). West is correct that 30 U.S.C. § 932(a) incorporates certain provisions of the LHWCA, including the filing requirements in 33 U.S.C. § 919(e). However, Section 932(a) also gives the Department of Labor authority to deviate from the incorporated provisions stating that certain provisions of the LHWCA shall be incorporated "except as otherwise provided ... by regulations of the Secretary...." 30 U.S.C. § 932(a) (1982). *See U.S. Pipe and Foundry Co. v. Webb,* 595 F.2d 264, 272–74 (5th Cir.1979) (despite 10–day notice requirement of the LHWCA, 33 U.S.C. § 919(b), Secretary of Labor's regulation allowing for delayed notice in black lung cases upheld). Therefore as long as the Department complied with applicable notice requirements in the regulations promulgated pursuant to its authority under the Act, the Department is not bound by the stricter notice requirements in 33 U.S.C. § 919(e).

---

**2.** The black lung benefits program has been developed through several statutory enactments and therefore different rules govern claims filed during different periods of time. For a history of the black lung benefits program, see *Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 138–40, 108 S.Ct. 427, 429–30, 98 L.Ed.2d 450 (1987) and *Clark v. Crown Construction Co.,* 887 F.2d 149, 150–51 (8th Cir.1989). For purposes of this opinion, it suffices to explain that claims filed in 1979 are reviewable under 20 C.F.R. § 727.200 *et seq.* (1989) which gives claimants certain pre-

sumptions of eligibility. *See* 20 C.F.R. § 727.203 (1989) (presumption of eligibility for miners with ten or more years of coal mine employment). Although West does not have ten or more years of coal mine employment and hence could not take advantage of the presumption in § 727.203, his 1979 claim would be entitled to the presumptions in 20 C.F.R. § 410.490 (1989) according to the holding in *Pittston Coal Group v. Sebben,* 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988).

■] West next argues that the Department's May 21, 1979, denial letter does not comply with its own regulations governing notice of a denial set forth at 20 C.F.R. §§ 725.409 [3] and 410 [4] (1989). West argues that those regulations, read together, required the Department to send him a second letter giving him an additional thirty days to pursue his claim. We rejected this argument in *Tonelli v. Director*, 878 F.2d at 1086. In *Tonelli*, we held that the two regulations cover different stages of the administrative process: Section 725.409 applies to situations where the record does not contain enough evidence by which the agency can make a factual determination and Section 725.410 covers denials based on factual determinations made on the record.[5] 878 F.2d at 1086. The Department's May 21, 1979, denial letter indicates that the

agency's denial of West's claim was based on the following factual determinations: (1) the evidence did not show that the disease (pneumoconiosis) was caused by coal mine work, and (2) the evidence did not show that West was totally disabled by the disease. The May 21, 1979, letter complies with 20 C.F.R. § 725.410(c), and as such West's failure to respond to it within 60 days constitutes an abandonment of his claim. *See* 20 C.F.R. § 725.410(c)(1).

■ West next challenges the Board's finding that his 1983 claim did not merge with his 1979 claim pursuant to 20 C.F.R. § 725.309(d).[6] The Board held that West's 1979 claim was not "pending" at the time he filed his 1983 claim because West failed to request reconsideration of the denial or to seek modification thereof within one

---

3. 20 C.F.R. § 725.409 states in part:
 (a) A claim may be denied at any time by the deputy commissioner by reason of abandonment where the claimant fails:
 (1) To undergo a required medical examination without good cause; or,
 (2) To submit evidence sufficient to make a determination of the claim; or,
 (3) To pursue the claim with reasonable diligence.
 (b) If the deputy commissioner determines that a denial by reason of abandonment is appropriate, he or she shall notify the claimant of the reasons for such denial and of the action which must be taken to avoid a denial by reason of abandonment. If there is no response to the notice within 30 days after such notice is sent, the claim shall be considered denied by reason of abandonment.

4. 20 C.F.R. § 725.410 states:
 (a) Based upon the evidence developed, the deputy commissioner may make an initial finding with respect to the claim.
 . . . .
 (c) If the evidence submitted does not support an initial finding of eligibility, the deputy commissioner shall so notify the claimant in writing. This notification shall specify the reasons why the claim cannot be approved, the additional evidence necessary to establish entitlement, the right of the claimant to submit additional evidence, and the right to request a hearing. Within 60 days from the mailing of such notice, unless such period is extended by the deputy commissioner for good cause shown, the claimant may submit new evidence or request a hearing. If the claimant:
 (1) Takes no action within the specified 60 day period, the claim shall be considered de-

nied by reason of abandonment (see § 725.409).

5. This analysis is further supported by the Department's action in West's case. When West failed to respond to the Department's repeated requests for more information, it sent West a letter giving him only thirty days to request a hearing or submit additional evidence. After the Department received and reviewed the additional evidence transmitted by West, it sent West a letter denying his claim and giving him sixty days to respond.

6. We note that 20 C.F.R. § 725.309(c), also relied upon by West, does not govern the possible merger of West's 1979 and 1983 claims. Rather, that section refers only to claims filed before March 1, 1978. Therefore, our analysis focuses exclusively on the language in 20 C.F.R. § 725.309(d):
 In the case of a claimant who files more than one claim for benefits under this part, the later claim shall be merged with the earlier claim for all purposes if the earlier claim is still pending. If the earlier miner's claim has been finally denied, the later claim shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification and the requirements of § 725.310 are met. If an earlier survivor's claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the deputy commissioner determines that the later claim is a request for modification and the requirements of § 725.310 are met.

year of May 21, 1979 (the date of the denial letter). *See* 20 C.F.R. § 725.310(a) (1989) (modifications must be requested by the claimant or initiated by the Department within one year after the denial of a claim). We agree with the Board that West's inaction resulted in a final denial of his 1979 claim as of May 21, 1980. His 1979 claim was therefore not "pending" when he filed his second claim in 1983.

■ Finally, West argues that his 1983 claim constituted a request for modification of the 1979 denial and that the requirement in Section 725.310(a) that requests for modification be made within one year after denial is unfair. West points out that the one-year limitation on requests for modification of a denial claim starts running on the date of denial, but, in the case of an approved claim, the one-year period starts running on the date of the last payment of benefits. Like the claimant in *Tonelli*, West argues that this discrepancy is fundamentally unfair. *See* 878 F.2d at 1087 n. 6. We find nothing in West's case to support invalidating the modification requirement in Section 725.310(a) on fairness grounds, and therefore reject West's argument.[7] The ALJ was correct in characterizing West's 1983 claim as a new claim and analyzing it under the regulations applicable to claims filed after March 31, 1980.

### 1983 Claim

Having concluded that the ALJ properly reviewed the merits of West's 1983 claim under 20 C.F.R. Part 718, we turn to whether the Board correctly determined that the ALJ's denial of West's 1983 claim

is supported by substantial evidence. The Board is required to affirm an ALJ's factual findings if they are supported by substantial evidence. 30 U.S.C. § 932(a) incorporating 33 U.S.C. § 921(b)(3) (1982). Our review of the Board's decision is similarly limited to scrutinizing for errors of law and for adherence to the substantial evidence standard. *Newman v. Director*, 745 F.2d 1162, 1164 (8th Cir.1984).

■ We find substantial evidence to support the ALJ's findings, and therefore affirm the Department's denial of benefits. Viewing the x-ray evidence submitted by West, the ALJ noted that only one x-ray taken in March 1979 found evidence of pneumoconiosis.[8] Two more recent x-rays, read by the same doctor who found evidence of pneumoconiosis in the earlier x-ray, reported no evidence of the disease. The ALJ acted within its discretion when it accorded greater weight to the more recent x-ray reports. As to the physicians' reports, the ALJ credited a March 1979 report that concluded West did not suffer from pneumoconiosis. The ALJ discredited later reports that concluded the opposite. The ALJ found that one report was based on an inaccurate work history (11 years of coal mine employment rather than six)[9]; the other report was invalidated by another physician. The ALJ concluded that neither the x-rays nor the physicians' reports established the existence of pneumoconiosis under 20 C.F.R. § 718.202. Based on the record before the ALJ, these factual determinations are supported by substantial evidence and we accordingly affirm the Board's decision upholding the ALJ's denial

7. West also points to the different treatment afforded a mine operator served with notice of liability. *See* 20 C.F.R. § 725.413(a). Section 725.413(a) gives operators 30 days "unless such period is extended ... for good cause shown, or in the interests of justice," within which to either accept or contest liability. Again we see nothing fundamentally unfair in the way the regulations treat modification requests and operator responses to liability notices. The cases cited by West in support of his argument are not relevant. *See, e.g., Underhill v. Peabody Coal*

*Co.*, 687 F.2d 217, 223 (7th Cir.1982) (the Department of Labor cannot establish a standard that treats the same proof differently depending on which side offers it).

8. Two physicians read this x-ray. One, Dr. John Henderson, concluded that it read negative for pneumoconiosis. The other, Dr. E.N. Sargent, concluded it showed pneumoconiosis.

9. West does not challenge the ALJ's finding that he worked in or around coal mines for six years.

of benefits.[10]

---

**10.** We note that West may file a petition for modification pursuant to 20 C.F.R. § 725.310(a) within one year of our decision. *See* 30 U.S.C. § 932(a) incorporating 33 U.S.C. § 922.