917 F.2d 374
 Ethyel CLARK, Widow of Walter E. Clark, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, as Designee of
Elizabeth Dole, Secretary of Labor, Respondent.
 No. 89-3061.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1990.
Decided Oct. 23, 1990.
 
 I. John Rossi, Des Moines, Iowa, for petitioner.
 Elizabeth J. Shapiro, Washington, D.C., for respondent.
 Before JOHN R. GIBSON, Circuit Judge, and ROSS and HENLEY, Senior Circuit Judges.
 ROSS, Senior Circuit Judge.
 
 
 1
 Ethyel Clark (Petitioner) appeals a decision made by an Administrative Law Judge (ALJ) and affirmed by the Benefits Review Board, which denied her benefits under the Black Lung Benefits Act (the Act) for the disability of her deceased husband, Walter Clark (miner). The ALJ denied her benefits on the ground that the medical testimony offered to establish a disability due to black lung disease, pneumoconiosis,[1] was not based on "reasoned medical judgment." We affirm.
 
 
 2
 Walter Clark filed an application for benefits under the Act on February 14, 1980. The Department of Labor (DOL) denied his claim on July 25, 1980. Clark died on September 29, 1981, from an unrelated colon cancer with metastasis. Petitioner, Clark's widow, filed a survivor's claim for benefits on August 6, 1984. On October 12, 1984, the DOL denied her claim as well. Petitioner's denial letter informed her that if she failed to take any action within sixty days, her claim would be considered abandoned and the decision denying her claim would become final. On April 15, 1985, six months after receiving the denial letter, Petitioner wrote to the DOL and requested a formal hearing.
 
 
 3
 A formal hearing was held before an ALJ who denied benefits, finding that Petitioner's claim had been abandoned due to her failure to timely respond to the denial letter. The ALJ's finding of abandonment was correct.[2] The regulations clearly provide that failure to act within the sixty-day period will result in abandonment of the claim. See 20 C.F.R. Sec. 725.410(c)(1); West v. Director, OWCP, 896 F.2d 308, 311 (8th Cir.1990).
 
 
 4
 For Petitioner's survivor's claim to be successful, the miner's death must be attributable to pneumoconiosis.[3] The ALJ found insufficient evidence to support Petitioner's contention that the miner had died from pneumoconiosis. The medical evidence in this case consisted of four chest X-rays, a ventilatory study, an arterial blood gas study, and the opinions of several physicians. Medical examinations of a Dr. Rasmussen are particularly at issue. Dr. Rasmussen first examined the miner on May 20, 1980. Based on Dr. Rasmussen's findings, which included a normal chest X-ray, a review of the miner's pulmonary tests and an arterial blood gas study, the physician concluded that the miner had obstructive pulmonary disease that was unrelated to dust exposure from coal mine employment. Dr. Rasmussen further told the miner that he could continue working.
 
 
 5
 In October of 1985, four years after the miner had died, Dr. Rasmussen submitted a second opinion which directly contradicted his first, stating that the miner "did have a significant enough pulmonary disease probably related to employment around coal mines." The regulations, 20 C.F.R. Sec. 727.203(a), allow for an interim presumption of total disability due to pneumoconiosis where the miner is shown to have engaged in coal mine employment for at least ten years[4] and one of several medical requirements is met. One of these requirements calls for "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, [which] establishes the presence of a totally disabling respiratory or pulmonary impairment." 20 C.F.R. Sec. 727.203(a)(4). Petitioner now seeks to use Dr. Rasmussen's second opinion as "other medical evidence" in order to invoke the interim presumption.
 
 
 6
 On review, this court is limited to an evaluation of whether the decisions of the ALJ and the Benefits Review Board are "rational, supported by substantial evidence and consistent with applicable law." Tonelli v. Director, OWCP, 878 F.2d 1083, 1084 (8th Cir.1989). We find, after a review of the record as a whole, that the ALJ's finding that the evidence was insufficient to invoke the interim presumption is supported by substantial evidence. Dr. Rasmussen's second medical opinion squarely contradicts his first opinion. While Dr. Rasmussen did reveal the various tests and examination results which led him to his first conclusion in finding no pneumoconiosis, he failed to reveal what his second opinion was based on. The second opinion was submitted more than four years after the miner had died and Dr. Rasmussen never performed a second examination of the miner. Dr. Rasmussen stated in his second opinion letter that he reviewed "some records" and that he read "some of the facts regarding [miner's] breathing, according to other doctors that took care of him," yet Dr. Rasmussen never revealed which doctors or what records led him to adopt a totally different conclusion the second time around.
 
 
 7
 When examining the validity of a medical opinion, the ALJ must view it "in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based." Ware v. Director, OWCP, 814 F.2d 514, 516 (8th Cir.1987). This court held in Brazzalle v. Director, OWCP, 803 F.2d 934, 936 (8th Cir.1986), that a physician's opinion was not based on reasoned medical judgment where the physician failed to adequately explain what his medical opinion was based upon. Brazzalle involved a second medical opinion which directly contradicted the first medical opinion.
 
 
 8
 We hold that the ALJ was correct in rejecting Dr. Rasmussen's second opinion, as it was not sufficiently documented by any new studies or evidence and was not a reasoned medical opinion. We affirm.
 
 
 
 [1]
 20 C.F.R. Sec. 727.202 defines pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment."
 
 
 [2]
 Petitioner further argues that her claim was not abandoned because it merged with the miner's claim under 20 C.F.R. Sec. 725.309. We reject this argument; Petitioner's cited regulation allows only for the merger of duplicate claims filed by a single applicant, i.e., when a miner files a second claim while his first claim is still pending. As the Sixth Circuit reasoned in Earl Patton Coal Co. v. Patton, 848 F.2d 668, 672 (6th Cir.1988), "The regulations cannot be read as requiring the merging of such claims because the standards of proof and the procedures for processing the claims are different."
 
 
 [3]
 20 C.F.R. Sec. 727.201 states that: "Benefits are provided under the Act to a miner who is totally disabled due to pneumoconiosis and to certain survivors of a miner who died due to or while totally (or in certain cases, partially) disabled by pneumoconiosis."
 
 
 [4]
 The record indicates that the miner engaged in coal mine employment for sixteen years