**Mildred RISHER, Melvin Risher by his Estate, and his Widow, Petitioner,**

**v.**

**OFFICE OF WORKERS COMPENSATION PROGRAM; Benefits Review Board, Respondents.**

**No. 91–1366.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1991.

Decided July 31, 1991.

---

Gregory J. McHugh, Aledo, Ill., for appellant.

Helen H. Cox, Washington, D.C., argued, for appellee; Robert P. Davis, Donald S. Shire, Michael J. Denney and Marta Kusic, Washington, D.C., on the brief.

Before ARNOLD and MAGILL, Circuit Judges, and BATTEY,* District Judge.

* THE HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

MAGILL, Circuit Judge.

Mildred Risher appeals the Benefits Review Board's decision to affirm an administrative law judge's (ALJ) order denying benefits on a claim filed under the Black Lung Benefits Act, 30 U.S.C. §§ 901–962 (1988). Risher argues on appeal that the Board erred in affirming the ALJ's order because the ALJ: erroneously concluded that her husband Melvin did not suffer from black lung disease; incorrectly determined the length of time Melvin worked in the coal mines; erroneously failed to conclude that Melvin was disabled; and violated due process by failing to provide notice of the right to appeal. We affirm.

## I.

Before delving into the facts, it is necessary to review briefly the statutory and regulatory scheme at issue here. Under the Black Lung Benefits Act (the Act), the federal government provides benefits to "coal miners who are totally disabled due to pneumoconiosis [black lung disease] and to the surviving dependents of miners whose death was due to such disease." 30 U.S.C. § 901(a).

To be eligible for benefits, a claimant must "establish the existence of pneumoconiosis arising out of coal mine employment and total disability resulting from the pneumoconiosis." *West v. Director*, 896 F.2d 308, 309 (8th Cir.1990) (footnote omitted). 20 C.F.R. § 718 contains the Act's implementing regulations for all claims filed after March 31, 1980. *See* 20 C.F.R. § 718.2. The regulations provide four ways a claimant can prove the existence of black lung disease: by chest X-rays; by biopsy or autopsy; by applying certain enumerated presumptions; and, notwithstanding a negative X-ray, by a physician's diagnosis, if it is supported by a reasoned medical opinion. 20 C.F.R. § 718.202(a)(1)–(4). Under the regulations, a claimant is to be "given the benefit of all reasonable doubt as to the existence of total or partial dis-

ability or death due to pneumoconiosis." *Id.* § 718.3(c).

On November 15, 1985, Melvin Risher filed an application for black lung benefits with the Department of Labor. The Department's Office of Workers' Compensation Programs found that Risher was not entitled to benefits. Risher then asked for and received a hearing before an ALJ. On November 20, 1987, after the hearing, but before the ALJ issued his decision, Risher died. His widow, Mildred, was substituted as a party to the case.[1]

On April 25, 1988, the ALJ issued his decision. The ALJ first addressed the length of time that Risher had worked in the coal mines. The ALJ determined that although Risher had worked in the mines over an eleven-year period, because Risher had worked in the mines for only half of each year, the proper finding was five and a half years' employment.

The ALJ next addressed whether Risher had proved that he suffered from black lung disease. Risher's evidence included chest X-rays and medical opinions. The ALJ first found that Risher's X-ray evidence was not proof of black lung disease because none of the X-rays had been interpreted as establishing the presence of the disease. The ALJ further concluded that because none of Risher's X-rays had been read as showing large opacities, Risher was not entitled to a presumption of black lung disease under 20 C.F.R. § 718–304(a). The ALJ next addressed Risher's medical opinion evidence, noting that two doctors had diagnosed respiratory problems related to Risher's coal mine work. The ALJ did not credit the diagnoses because he believed they were not supported by reasoned medical opinions. The ALJ concluded that Risher had failed to prove that he suffered from black lung disease, and thus held that Risher was not entitled to benefits.

Risher appealed the ALJ's decision to the Department of Labor's Benefits Review Board. On March 30, 1990, the Board affirmed the ALJ's denial of benefits.

---

1. For simplicity's sake, future references to Mildred Risher on appeal or Melvin Risher before his death will simply be to "Risher."

Risher now appeals to this court. Our review is limited to determining whether the ALJ's decision "was supported by substantial evidence and was reached in conformance with the applicable law." *Grant v. Director*, 857 F.2d 1102, 1105 (6th Cir. 1988). If so, "the ALJ's determination is conclusive and it is immaterial that the facts permit the drawing of diverse inferences." *Mikels v. Director*, 870 F.2d 1407, 1409 (8th Cir.1989) (quotation omitted).

## II.

■ Risher first argues that the ALJ erred in holding that he failed to prove the existence of black lung disease. Risher argues that the ALJ's holding was erroneous because the ALJ neglected to consider lay testimony and medical evidence that supported the existence of the disease, and because the ALJ improperly discounted the two diagnoses of black lung disease. As regards the lay testimony, Risher argues that the ALJ erred in failing to consider the testimony of Risher and his family about his respiratory problems. In support of this assertion, Risher cites *Dempsey v. Director*, 811 F.2d 1154 (7th Cir.1987), where the Seventh Circuit approved the use of affidavit evidence to prove the existence of black lung disease. *Id.* at 1160.

Risher's reliance on *Dempsey* is misplaced. *Dempsey* arose under 20 C.F.R. § 727, which addresses, *inter alia*, claims filed before April 1, 1980. The ALJ found that Risher's claim was filed on November 15, 1985, a finding Risher does not contest. Therefore, § 718, and not § 727, governs the analysis of Risher's claim, and *Dempsey* is not directly relevant. Moreover, the specific regulations governing the proof of black lung disease in the two sections are significantly different. Section 727 lists certain medical criteria for establishing the presumptions that a claimant was totally

disabled due to black lung disease or that a claimant's death was due to black lung disease. These medical criteria include chest X-rays, biopsies, autopsies, ventilatory studies, blood gas studies, a physician's diagnosis and "[i]n the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrat[ing] the presence of a totally disabling respiratory or pulmonary impairment." 20 C.F.R. § 727.203(a)(1)–(a)(5). Section 718.-202, in contrast, lists only the four means of proving the existence of black lung disease discussed above. Section 718 does provide that lay testimony as to a miner's physical condition is relevant where there is no medical evidence showing that the miner did not have black lung disease, and the claim was filed before January 1, 1982, *see id.* § 718.202(a)(1)(i)–(a)(1)(ii)(A), but this does not apply to Risher because his claim was filed in 1985, and there is medical evidence that Risher did not have black lung disease.[2] Therefore, the ALJ did not err in failing to consider lay testimony about Risher's physical condition.[3]

Risher also argues that the ALJ improperly discredited the results of two chest X-rays. Although both of the X-rays contained some evidence of black lung disease, neither were classified as positive for black lung disease under the appropriate regulations. *See id.* §§ 718.102, 718.202(a)(1). Therefore, the ALJ did not err in refusing to find black lung disease on the basis of these X-rays.

■ Risher next contends that the ALJ erred in disregarding the diagnoses of two doctors that Risher's ailments were related to his coal mine employment. One of these diagnoses, Dr. Jewett's, was based on an inaccurate medical history. For example, Dr. Jewett believed that Risher had smoked cigarettes for fifteen years, where-

**2.** In 1985, Risher was diagnosed as suffering from congestive heart failure and chronic bronchitis. The doctor concluded that these ailments were not related to Risher's coal mine employment.

**3.** Risher also argues that the ALJ erred in failing to consider pulmonary function and blood gas studies that allegedly indicate the presence

of black lung disease. These studies, like lay testimony, are expressly made relevant in § 727 cases. Under § 718, however, such studies are relevant only for claims filed before 1982 or when used by a doctor in support of a diagnosis of black lung disease. *See id.* § 718.202(a)(1)(i), (a)(4). Thus, the ALJ did not err in failing to consider these studies.

as the evidence clearly shows that Risher had smoked for at least fifty years. An ALJ may discount a doctor's opinion where that opinion is based on an incorrect view of the claimant's medical history. *See Hunter v. Director*, 861 F.2d 516, 519–20 (8th Cir.1988). The failure to consider a claimant's smoking history renders a medical opinion suspect, *see Director v. Rowe*, 710 F.2d 251, 255 n. 6 (6th Cir.1983), because a long-term smoking habit might have caused the claimant's lung problems. *Grant*, 857 F.2d at 1106. Because the mistake in this case was so significant, we conclude that the ALJ did not err in rejecting Dr. Jewett's diagnosis.[4]

The ALJ also rejected the diagnosis of Risher's treating physician, Dr. Ahmad. In a letter to Risher's counsel, dated October 20, 1987, Dr. Ahmad stated: "The patient has probably had black lung disease and on top of that he has lupus erythematosus.... He is totally disabled and fully qualified for all of the benefits that can be given to him." Dr. Ahmad did not elaborate and referred to no supporting documentation in the letter. An ALJ may disregard a medical opinion that does not adequately explain the basis for its conclusion. *Cf. Brazzalle v. Director*, 803 F.2d 934, 936 (8th Cir.1986) (doctor's opinion must adequately explain basis for conclusion to be considered a reasoned medical judgment under 20 C.F.R. § 727.203(a)(4)). We agree with the ALJ that Dr. Ahmad's equivocal, casual statement that Risher "probably" had black lung disease does not constitute a finding "supported by a reasoned medical opinion," as contemplated by § 718.202(a)(4). Thus, the ALJ did not err in disregarding it.

Dr. Ahmad also wrote on Risher's death certificate that Risher suffered from black lung disease, which contributed to, but did not cause, his death.[5] Risher's death, Dr. Ahmad reported, was caused by cardio-respiratory arrest, congestive heart failure, and renal failure. Again, we do not believe that Dr. Ahmad's reference to black lung on the death certificate, without more, constitutes the reasoned medical finding required by the regulation.

We conclude that the ALJ properly refused to consider lay testimony and non-relevant medical evidence, and properly disregarded diagnoses not supported by reasoned medical opinions. Because the ALJ's decision was consistent with the law and supported by substantial evidence, we affirm the holding that Risher failed to prove the existence of black lung disease.[6] Risher simply failed to adduce the type of evidence § 718 requires to prove the existence of black lung disease. Although some of the evidence certainly suggests the possibility of black lung disease, that is insufficient for the purpose of obtaining benefits.

The only other genuine issue Risher raises is whether the ALJ violated due process in failing to provide notice of the right to appeal an adverse decision. Despite this lack of notice, Risher properly and timely appealed the ALJ's decision. Risher asks this court to overturn the ALJ's decision, even though Risher suffered no injury from the lack of notice, "to protect not only the Claimant, but others similarly situated who must deal with bureaucratic denials out of Washington." Risher's Brief at 8. Although we do not condone the ALJ's failure to provide notice of the right to appeal, we do not believe the failure in this case warrants reversal of the decision.

### III.

Accordingly, the Benefits Review Board's decision upholding the ALJ's denial of benefits is affirmed.

---

4. Our conclusion is also supported by the inconsistencies apparent in Dr. Jewett's medical history for Risher. In diagnosing Risher as suffering from black lung disease, Jewett stated that Risher's symptoms began while he was working in the coal mines in the 1930s and 1940s. The same history, however, lists Risher's symptoms as having begun no earlier than the late 1960s.

5. No autopsy was performed on Risher.

6. Because we affirm the ALJ's decision that Risher failed to prove the existence of black lung disease, we need not address Risher's arguments as to the length of coal mine employment and the presence of total disability.