989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James D. LILLY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-1693.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: March 16, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (89-1255-BLA)
 E. William Harvit, SHINABERRY, MEADE, & VENEZIA, L.C., Charleston West Virginia, for Petitioner.
 Marshall J. Breger, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation.
 Dorothy L. Page, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.
 Ben. Rev. Bd.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 James Lilly appeals from a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to deny his application for black lung benefits. The ALJ found the evidence of record insufficient to establish the existence of pneumoconiosis. Since we find that substantial evidence supports this determination, we affirm.
 
 
 2
 Lilly concedes that the X-ray evidence did not establish the existence of pneumoconiosis. See 20 C.F.R. § 718.202(a)(1) (1992). The record contains no biopsy or autopsy evidence. Moreover, we reject Lilly's contention that the ALJ erred by finding him ineligible for the presumption found at § 718.305 based on his failure to establish at least fifteen years of coal mine employment. Lilly's social security records reflected only seven and 3/4 years of coal mine employment. Although Lilly testified that he performed part-time, independent surveying work for coal companies between 1951 and 1956 for which he did not pay social security, the ALJ noted that there was no evidence, such as affidavits, contracts, or employment letters, to corroborate this testimony. In any event, even if this testimony were credited, Lilly would still fall short of establishing fifteen years of coal mine employment. Therefore, Lilly has not met his burden in this respect.
 
 
 3
 We also reject Lilly's contention that the medical reports of record established pneumoconiosis. See § 718.202(a)(4) (1992). Lilly testified at the hearing that he periodically smoked cigarettes and a pipe for thirty-four or thirty-five years. Dr. Gaziano's finding that Lilly's emphysema was partly related to coal dust exposure assumed that Lilly had never smoked cigarettes and had smoked only two pipes per day for five years. Dr. Glass's finding of pneumoconiosis did not address either the miner's work history or his smoking history. The ALJ could properly find the credibility of these physicians' etiology findings undercut by their lack of accurate information regarding Lilly's work and smoking history. See Risher v. Director, Office of Workers' Compensation Programs, 940 F.2d 327 (8th Cir. 1991); Creech v. Benefits Review Board, 841 F.2d 706 (6th Cir. 1988).
 
 
 4
 The remaining medical reports of record do not support a finding of pneumoconiosis. Accordingly, we find that substantial evidence supports the ALJ's determination that Lilly failed to establish this critical element. The decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED