16 F.3d 408
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Carl W. BROWNING, Petitioner,
v.
NEW ELK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-2037.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1994.
Decided Feb. 3, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-0439-BLA)
 S. F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for petitioner.
 Thomas S. Williamson, Donald S. Shire, Marta Kusic, Anne Swiatek, U.S. Dept. of Labor, Washington, DC, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carl Browning, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. The ALJ found the evidence of record sufficient to invoke the interim presumption of entitlement under 20 C.F.R. Sec. 727.203(a)(3) (1992) of the applicable regulations but also found the evidence sufficient to rebut the presumption pursuant to 20 C.F.R. Sec. 727.203(b)(3). The only issue in this appeal is whether, in finding subsection (b)(3) rebuttal, the ALJ properly credited the opinions of Drs. Chillag and Kress that the miner's pulmonary disability was solely attributable to his smoking history of approximately fifty years over the contrary opinion of Dr. Tan.
 
 
 2
 The ALJ properly found Dr. Tan's causation findings suspect in light of his reliance on an inaccurate smoking history in forming his conclusions. See Risher v. Director, Office of Workers' Compensation Programs, 940 F.2d 327 (8th Cir.1991); Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251 (6th Cir.1983). Moreover, the ALJ rationally concluded that Dr. Chillag's findings were better explained. Dr. Tan did not discuss the effects of the miner's smoking on his pulmonary condition and noted that the miner's X-rays were "quite unremarkable." Dr. Chillag, by contrast, noted that the miner's X-rays were consistent with emphysema but revealed no evidence of pneumoconiosis, and discussed the impact of the miner's smoking history on his condition. Finally, the ALJ noted Dr. Chillag's board certification in internal medicine, and the fact that his opinion was corroborated by Dr. Kress, in crediting his report.
 
 
 3
 We therefore conclude that substantial evidence supports the ALJ's finding of rebuttal. See Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985). The decision of the Board is therefore affirmed. In view of our disposition, we note that there is no need to delay resolution of this matter based on the involvement of the responsible operator, New Elk Coal Company, in Chapter 11 bankruptcy proceedings, and its inability to file a response to this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.