_____

No. 95-2044
_____

Ethyel M. Clark, widow of     *
Walter Clark,     *
     *
     Petitioner,     *
     *  Petition for review of an
     v.     *  Order of the
     *  Benefits Review Board.
Director, Office of Workers'     *
Compensation Programs,     *    **[UNPUBLISHED]**
     *
     Respondent.     *

_____

Submitted: April 1, 1996

Filed: April 4, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Ethyel M. Clark, widow of Walter E. Clark, requested modification of a prior denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-962 (1988) (the Act). An Administrative Law Judge (ALJ) denied her request, the Benefits Review Board (BRB) affirmed the ALJ, and this appeal followed. We affirm.

We previously affirmed the denial of benefits under the Act in connection with a claim filed in 1980 by Clark's husband and a survivor's claim Clark filed in 1984 after her husband died of colon cancer with metastasis. See Clark v. Director, OWCP, 917 F.2d 374 (8th Cir. 1990). In her modification proceeding under 20 C.F.R. § 725.310 (1995), Clark submitted as new evidence two medical reports on her late husband's condition.

Our review "is limited to an evaluation of whether the decisions of the ALJ and [BRB] are `rational, supported by substantial evidence and consistent with applicable law.'" Clark, 917 F.2d at 376 (quoted case omitted). We conclude, after reviewing the record as a whole, that the refusal to modify the prior denial of benefits is supported by substantial evidence.

The ALJ noted that one of the medical reports did not address the issue of disability. See Barnes v. ICO Corp, 31 F.3d 678, 680 (8th Cir. 1994) (claimant must prove total disability caused at least in part by pneumoconiosis, and arising out of coal-mine employment). The second report, written in 1992, contained the conclusion of Dr. Rasmussen that Clark's husband had been disabled due to coal-mine work, based on his sixteen years of coal-mine employment and an X-ray report showing scarred lungs. The ALJ found, among other things, that Dr. Rasmussen's conclusion was unreasoned and failed to discuss the evidence upon which it was based. The report also is contradicted by a prior report from the same doctor. See Risher v. OWCP, 940 F.2d 327, 331 (8th Cir. 1991) (ALJ may disregard medical opinion that does not adequately explain basis for its conclusion); Clark, 917 F.2d at 376 (second opinion was contradicted by first, and was not sufficiently documented by new studies). As to the survivor's claim, we previously upheld the ALJ's finding that Clark abandoned that claim, rejecting her contention that it merged with her husband's claim. Clark, 917 F.2d at 375 & n.2.[1]

Accordingly, we affirm.

---

[1]Moreover, Clark has presented nothing to rebut the evidence showing that her husband died of colon cancer with metastasis. Clark, 917 F.2d at 375 (for successful survivor's claim, miner's death must be attributable to pneumoconiosis).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.